Dr. Robert V. Justice
9461 Charleville Blvd., Ste. 394
Beverly Hills, CA 90212-3017
Phone: (559) 904-5645
Fax: (310) 519-8845

Plaintiff in Pro Se

FILED
2008 AUG -8 PM 2:14
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY RM DEPUTY

ORIGINAL

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DR. ROBERT V. JUSTICE, an individual, **Plaintiff,** vs. JUDITH McCONNELL, Administrative Presiding Justice of the Court of Appeal-Fourth Appellate District-Division Three, in her administrative, enforcement and individual capacities; NATALIE ROBINSON, Supervising Clerk of the California Supreme Court-Los Angeles, in her administrative, enforcement and individual capacities; ALL PRESIDING JUDGES OF THE SUPERIOR COURTS IN CALIFORNIA, in their administrative, enforcement and individual capacities; ALL PRESIDING JUSTICES OF THE COURT OF APPEAL IN CALIFORNIA, in their administrative, enforcement and individual capacities; and RONALD GEORGE, Chief Justice in his administrative, enforcement and individual capacities; **Defendants.** | **Case No.** '08 CV 1449 LAB RBB<br><br>**COMPLAINT UNDER THE CIVIL RIGHTS ACT (TITLE 42 U.S.C. SECTION 1983) FOR DECLARATORY AND INJUNCTIVE RELIEF TO ENJOIN THE ENFORCEMENT OF CALIFORNIA VEXATIOUS LITIGANT STATUTES AND FOR DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Dr. Robert V. Justice ("Plaintiff"), complaining against Defendant Judith McConnell, Administrative Presiding Justice of the Court of Appeal-Fourth Appellate District-Division Three ("Defendant Administrator McConnell"), Defendant Supervising Clerk Natalie Robinson ("Defendant Supervising Clerk Robinson"), Defendant All Presiding Judges of the Superior Courts in California ("Superior Court Presiding Judges") and Defendant All Presiding Justices of the Court of Appeal ("California Courts of Appeal), Defendant Chief Justice Ronald George ("Defendant Chief Justice George") and all Defendants (collectively referred hereinafter as "Defendants"), alleges:

## JURISDICTION

1. The jurisdiction of this court is based upon Title 42 U.S.C. Section 1983.

## VENUE

2. Venue is proper under Title 28 U.S.C. Section 1391(b), because the discriminatory enforcement of Code of Civil Procedure Section 391.7 (pre-filing review) by Defendants Administrator McConnell and Supervising Clerk Robinson alleged hereinafter substantially took place in the County of San Diego.

## PARTIES

3. Plaintiff is a citizen of the United States and a resident of Beverly Hills, California.

4. Defendant Administrator McConnell is the Administrative Presiding Justice of the Court of Appeal-Fourth Appellate District-Division Three and is responsible for enforcing California's Vexatious Litigant Statutes with regard to prospective appeals sought by persons who are listed on the Vexatious Litigant List published by the Vexatious Litigant Enforcement Unit of the Administrative Office of the Courts-Judicial Council of California. Defendant Administrator McConnell is being sued in her administrative, enforcement and individual capacities because the acts upon which are alleged hereinafter where carried out by Defendant Administrator McConnell solely in her administrative and enforcement capacities, not her judicial capacity. None of the allegations against Defendant Administrator McConnell alleged hereinafter were carried

out in her judicial capacity, whatsoever.

5. Defendant Supervising Clerk Robinson is responsible for enforcing California's Vexatious Litigant Statutes with regard to prospective review sought in the California Supreme Court-Los Angeles by persons who are listed on the Vexatious Litigant List published by the Vexatious Litigant Enforcement Unit of the Administrative Office of the Courts-Judicial Council of California. Defendant Supervising Clerk Robinson is being sued in her administrative, enforcement and individual capacities because the acts upon which are alleged hereinafter where carried out by Defendant Supervising Clerk Robinson solely in her administrative and enforcement capacities. Defendant Supervising Clerk Robinson does not possess any judicial capacity, whatsoever.

6. Defendant Superior Court Presiding Judges are responsible for running all the administrative functions of the Superior Courts of California, which includes enforcement of the California Vexatious Litigant Statutes-Code of Civil Procedure Section 391.7 (pre-filing review). Defendant Superior Court Presiding Judges are being sued in their administrative, enforcement and individual capacities because their acts in enforcing California's Vexatious Litigant Statutes-Code of Civil Procedure Section 391.7 (pre-filing review) is solely carried out in their administrative and enforcement capacities, not their judicial capacities. None of the enforcement duties of Code of Civil Procedure Section 391.7 of Defendant Superior Court Presiding Judges are carried out in their judicial capacity, whatsoever.

7. Defendant Appellate Court Presiding Justices are responsible for running all the administrative functions of the California Courts of Appeal, which includes enforcement of the California Vexatious Litigant Statutes-Code of Civil Procedure Section 391.7 (pre-filing review). Defendant Appellate Court Presiding Justices are being sued in their administrative, enforcement and individual capacities because their acts in enforcing California's Vexatious Litigant Statutes-Code of Civil Procedure Section 391.7 (pre-filing review) is solely carried out in their administrative and enforcement capacities, not

their judicial capacities. None of the enforcement duties of Code of Civil Procedure Section 391.7 of Defendant Appellate Court Presiding Justices are carried out in their judicial capacity, whatsoever.

8. Defendant Chief Justice George is responsible for running all the administrative functions of the California Supreme Court, which includes enforcement of the California Vexatious Litigant Statutes-Code of Civil Procedure Section 391.7 (pre-filing review). Defendant Chief Justice George is being sued in his administrative, enforcement and individual capacities because his acts in enforcing California's Vexatious Litigant Statutes-Code of Civil Procedure Section 391.7 (pre-filing review) is solely carried out in his administrative and enforcement capacities, not his judicial capacity. None of the enforcement duties of Code of Civil Procedure Section 391.7 of Defendant Chief Justice George are carried out in his judicial capacity, whatsoever.

## CLAIM FOR RELIEF

9. Plaintiff's name appears on California's Vexatious Litigant List on page 17 together with another individual by the name of Mr. John Luckett, whose name appears on page 19. True and correct copies of the relevant portions abovementioned of California's most current Vexatious Litigant List is hereby incorporated by reference and attached as Exhibit A to this complaint.

10. On December 13, 2008, Plaintiff received a letter dated December 3, 2007 from Hon. Kenneth K. So, Presiding Judge of the Superior Court of California-County of San Diego that stated that Plaintiff did not have to obtain leave to file a motion to dissolve a vexatious litigant injunction. A true and correct copy of the letter dated December 3, 2007 from Presiding Judge So is hereby incorporated by reference and attached as Exhibit B to this complaint.

11. On April 11, 2008, Plaintiff's motion to dissolve was heard on the merits by the Hon. Joel Pressman and frivolously denied. A true and correct copy of the Order of April 11, 2008 Denying the Motion to Dissolve the State Vexatious Litigant Injunction is hereby incorporated by reference and attached as Exhibit C to this complaint.

12. On June 9, 2008, Plaintiff filed a timely appeal in the Superior Court of California-County of San Diego-North County Division from the order denying the dissolution of the vexatious litigant injunction entered against Plaintiff. A true and correct copy of the Notice of Appeal is hereby incorporated by reference and attached as Exhibit D to this complaint.

13. On June 22, 2008, Plaintiff received a letter dated June 19, 2008 from Defendant Administrator McConnell requiring that Plaintiff submit an application for leave to appeal within ten (10) days or the underlying appeal would not be processed. A true and correct copy of the letter dated June 19, 2008 from Defendant Administrator McConnell is hereby incorporated by reference and attached as Exhibit E to this complaint.

14. In a letter dated June 27, 2008, Plaintiff responded to Defendant Administrator McConnell's letter of June 19, 2008 by informing Defendant Administrator McConnell that Plaintiff's appeal was exempted from the California Vexatious Litigant Statutes because it was exempt by the trial court and/or that California Vexatious Litigant Statutes were being enforced in a discriminating matter against Plaintiff because of Plaintiff's legal education acquired under an apprenticeship with several reputable trial lawyers for several years so as to prevent Plaintiff from making any challenges to California's vex law in the appellate court and to regulate and control the kind of meritorious litigation brought before the appellate court. Further, California's most infamous vexatious litigant, John Luckett, was not required to obtain leave in all five (5) non-exempted appeals brought before the Court of Appeal-Fourth Appellate District by Mr. Luckett and no leave had been required by the California Supreme Court on any of the nineteen (19) proceedings commenced by Mr. Luckett, which were all terminated unfavorably against him. A true and correct copy of the letter dated June 27, 2008 from Plaintiff is hereby incorporated by reference and attached as Exhibit F to this complaint.

15. On July 8, 2008, Plaintiff even prepared all the paperwork for the California Supreme Court to hold Mr. Luckett in contempt of court, but it refused to entertain any

contempt proceeding against Mr. Luckett and send back Plaintiff's original declaration charging Mr. Luckett with contempt. True and correct copies of the original declaration charging Mr. Luckett with contempt and the envelope it was returned in from the California Supreme Court is hereby incorporated by reference and attached as Exhibit G to this complaint.

16. Defendant Administrator McConnell's action was further motivated to prevent Plaintiff from accessing the state court to cover up all of the unlawful actions committed against Plaintiff by several state, county and city officers and/or employees wherein certain state officers and/or employees and the City and/or County of San Diego had exposed themselves to millions of dollars in liability from the egregious acts they committed against Plaintiff. The state officers and/or employees and the City and/or County of San Diego in concert had a court ban placed against Plaintiff while both a criminal and probate proceeding were pending against Plaintiff. The court ban prevented Plaintiff from participating in either proceeding in accord with due process in order to prepare adequate defenses and/or objections resulting in Plaintiff's illegal conviction and illegal administration of Plaintiff's property in probate. The court ban was declared unconstitutional several years after the egregious acts were committed.

17. In response to Plaintiff's letter of June 27, 2008, Defendant Administrator McConnell denied the filing of the underlying appeal on July 2, 2008 with no reasons given. Defendant Administrator McConnell was already aware of the discriminatory enforcement of California's Vexatious Litigant Statutes-Code of Civil Procedure Section 391.7 (pre-filing review) by California Courts of Appeal between Mr. Luckett and Plaintiff when she refused to file the underlying appeal from Plaintiff without an application for leave. A true and correct copy of the letter of July 2, 2008 denying the filing of Plaintiff's appeal is hereby incorporated by reference and attached as Exhibit H to this complaint.

18. On July 7, 2008, Plaintiff spoke to Defendant Supervising Clerk Robinson of the California Supreme Court-Los Angeles Office about whether Plaintiff had to obtain

leave before filing a writ petition to review Defendant Administrator McConnell's blatant denial of the filing of said appeal mentioned above on July 2, 2008. Defendant Supervising Clerk Robinson said that Plaintiff could not file a writ petition unless Plaintiff submitted an application for leave. Supervising Clerk Robinson was already aware of the discriminatory enforcement of California's Vexatious Litigant Statutes-Code of Civil Procedure Section 391.7 (pre-filing review) by the California Supreme Court between Mr. Luckett and Plaintiff when she refused to accept the filing of a writ petition from Plaintiff without an application for leave.

19. In a letter dated July 10, 2008, Plaintiff responded to Defendant Administrator McConnell's denial of the underlying appeal filing on July 2, 2008 by again informing Defendant Administrator McConnell of the exemption of the underlying appeal to California's Vexatious Litigant Statutes and the discriminatory enforcement of Code of Civil Procedure Section 391.7 against Plaintiff. No response from Defendant Administrator McConnell was received thereinafter, even after Plaintiff had invited a response. A true and correct copy of the letter dated July 10, 2008 from Plaintiff is hereby incorporated by reference and attached as Exhibit I to this complaint.

20. Defendants Administrator McConnell's and Supervising Clerk Robinson's actions described hereinbefore demonstrates that Plaintiff has been the target of discriminatory enforcement of the California Vexatious Litigant Statutes-Code of Civil Procedure Section 391.7 because of Plaintiff's ability (private law schooling) and/or Defendants Administrator McConnell's and Supervising Clerk Robinson's fear of the consequences of prospective litigation sought by Plaintiff to redress the wrongs committed against him. There was no logical basis for the enforcement of the California Vexatious Litigant Statutes-Code of Civil Procedure Section 391.7 by Defendants wherein the Defendants exempted Mr. Luckett, a real vexatious litigant filing floods of junk filings to harass members of California's judiciary and its general public and enforced it against Plaintiff, who has been schooled in the law for several years and files only what is meritorious. A true and correct copy of a sample junk filing from Mr.

Luckett is hereby incorporated by reference and attached as Exhibit J to this complaint.

21. Accordingly, these discriminatory actions by Defendants Administrative McConnell and Supervising Clerk Robinson violate Title 42 U.S.C. Section 1983, Title 42 U.S.C. Section 1981; and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

22. Accordingly, these discriminatory actions of Defendants Administrator McConnell and Supervising Clerk Robinson also violate Title 42 U.S.C. Section 1983 and the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

23. If not restrained and declared unlawful by this court, Defendants will continue to enforce the pre-filing requirements on Plaintiff in all of California's courts denying Plaintiff his First Amendment rights to right of court access and petition for grievances.

24. Plaintiff has no plain, adequate, or complete remedy for the wrongs complained of here other than this action for declaratory and injunctive relief.

## PRAYER

WHEREFORE, Plaintiff respectfully requests judgment against Defendants as follows:

1. That this court declare that Defendants Administrator McConnell's and Supervising Clerk Robinson's action(s) mentioned in this complaint in the enforcement of Code of Civil Procedure Section 391.7 against Plaintiff Dr. Justice are discriminatory in nature and unlawful and has no logical basis, except to prevent Plaintiff Dr. Justice from access to the state appellate court in order to prevent Plaintiff Dr. Justice from making any challenges to California's Vexatious Litigant Statutes and/or *Luckett v. Panos* (2008) 161 Cal.App.4th 77 (the ridiculous requirements imposed by California's Court of Appeal-Fourth Appellate District to dissolve a vexatious litigant injunction in California) or bringing any other meritorious litigation before California's courts;

2. That this court enter a permanent injunction against Defendants Administrator McConnell, Supervising Clerk Robinson, Superior Court Presiding Judges, Appellate

Court Presiding Justices, Chief Justice George, their successors in office, agents, employees, and all persons acting in concert with them enjoining them forever from requiring Plaintiff Dr. Justice from submitting an application for leave before submitting any filings in any of the Defendants' courts in all of California;

3. That the court award Plaintiff Dr. Justice compensation for the time Plaintiff Dr. Justice took to prepare the papers in the underlying state appeal and the costs paid for the unprocessed appeal;

4. That the court award Plaintiff Dr. Justice exemplary damages only against Defendants Administrator McConnell and Supervising Clerk Robinson in an amount determined by the court to be sufficient to punish said Defendants and deter future similar conduct by said Defendants;

5. That this court award Plaintiff Dr. Justice his costs and expenses for bringing this action;

6. That this court grant all other relief that is just, proper and equitable.

Dated: August 8, 2008

By: Dr Robert V Justice

Dr. Robert V. Justice
Plaintiff in Pro Se

EXHIBIT A

# EXHIBIT A

# VEXATIOUS LITIGANT LIST

Prepared and Maintained by the Administrative Office of the Courts
From Prefiling Orders Received from California Courts
(Orders prohibiting future filings entered through July 31, 2008)

| LAST NAME | FIRST NAME | MIDDLE | COURT | CASE NO. | DATE | COMMENTS |
|---|---|---|---|---|---|---|
| JONES | Marcus | | Court of Appeal, 2nd Dist, Div 5 | B166903 | 12/26/03 | |
| JONES | Joque | C. | San Diego Superior Court | GIC752621 | 10/06/00 | |
| JUAREZ | Robert | | Los Angeles Superior Court | EF492 | 08/20/00 | |
| JUDGE | John | E. | Los Angeles Superior Court | SEC77515 | 04/02/92 | |
| JUDGE | Kathleen | Sean | Los Angeles Superior Court | SEC77515 | 04/02/92 | |
| JUSTICE | Carlvin | | Alameda Superior Court | P255524 | 09/12/07 | |
| JUSTICE | Robert | Volney | San Diego Superior Court | PN26420 | 07/29/03 | |
| KABKOW | Howard | Arthur | Los Angeles Superior Court | BC119003 | 11/09/95 | |
| KAHOOLYZADEH | Behzad | | Los Angeles Superior Court | BC285673 | 04/15/03 | |
| KALAKAY | Michael | Steven | San Diego Municipal Court | 553376 | 01/07/94 | |
| KALAPOS | Elizabeth | | Los Angeles Superior Court | PC015995 | 03/10/97 | |
| KALLMEYER | Christine | Caroline | San Diego Superior Court | 637201 | 08/28/91 | |
| KALLMEYER, JR. | James | Gordon | San Diego Superior Court | 637201 | 08/28/91 | |
| KAPELUS | Marvin | B. | Los Angeles Superior Court | LC15468 | 02/21/97 | |
| KAPELUS | Marvin | B. | Ventura Superior Court | SC014474 | 01/24/97 | |
| KATZ | Matthew | | Los Angeles Superior Court | SC079729 | 10/17/06 | |
| KAUFMAN | Kandi | (Gail) | Contra Costa Superior Court | D9804359 | 10/05/00 | |
| KAUFMAN | Lawrence | J. | Los Angeles Superior Court | BC191095 | 09/15/98 | |
| KEITH | Joan | | San Diego Superior Court | GIE032906 | 10/19/06 | |
| KENNEDY | Sailor | J. | Los Angeles Superior Court | TC010027 | 05/06/98 | |
| KERR | Nelson | A. | Orange County Superior Court | 805925 | 08/31/99 | |
| KERR | Nelson | A. | Los Angeles Superior Court | GP011572 | 06/01/07 | Order states specifics. |
| KHAN | Teresa | I. | Santa Clara Superior Court | 105CV053109 | 02/07/06 | |
| KHOOSHABI | Sasan | Safarzadeh | Los Angeles Superior Court | 93E09147 | 12/29/93 | |
| KILE | Robert | G. | Placer Municipal Court | CV29644 | 05/17/93 | |
| KIM | Ho | Jeong | Los Angeles Superior Court | BC371416 | 10/18/07 | |
| KIM | Ho | Jeong | Los Angeles Superior Court | BC377390 | 01/11/08 | |
| KINDER | James | M. | San Diego Superior Court | SC137653 | 05/21/03 | |
| KING | Jacqueline | | Sonoma Superior Court | SCV236856 | 07/10/07 | |
| KING | John | | Sonoma Superior Court | SCV241522 | 05/09/08 | |
| KING | Will | B. | Orange County Superior Court | 03CL02874 | 04/24/03 | |
| KINSEY | Carl | M. | Los Angeles Superior Court | BC190123 | 07/20/01 | |
| KIPKIRWA | Lazarus | | Santa Clara Superior Court | CV780435 | 11/16/99 | |

# VEXATIOUS LITIGANT LIST

Prepared and Maintained by the Administrative Office of the Courts
From Prefiling Orders Received from California Courts
(Orders prohibiting future filings entered through July 31, 2008)

| LAST NAME | FIRST NAME | MIDDLE | COURT | CASE NO. | DATE | COMMENTS |
|---|---|---|---|---|---|---|
| LEE | George | M. | Solano Superior Court | L002241 | 09/08/94 | |
| LEE | Jean | | Solano Superior Court | L002241 | 09/08/94 | |
| LEE | Mo | | Solano Superior Court | L002241 | 09/08/94 | |
| LEE | Peng | | Los Angeles Superior Court | 2502375 | 11/19/02 | |
| LEE | Shirley | | Santa Clara Superior Court | 106CV057385 | 06/01/07 | Second order dated 8/3/07 |
| LEGARD | Preston | Joseph | Sacramento Superior Court | 95AS05666 | 03/08/96 | |
| LEIGHTON | Lorraine | M. | San Diego Superior Court | GIC736489 | 10/23/00 | |
| LENOIR, JR. | Harrison | | Los Angeles Superior Court | BC063627 | 11/12/92 | |
| LESSUR | Ricardo | Miller | San Diego Superior Court | GIC859968 | 04/04/06 | |
| LEVINGE | Walter | Alexander | San Diego Superior Court | GIC859968 | 04/04/06 | |
| LEVY | Shalom | Ben | Los Angeles Superior Court | SC021082 | 07/13/98 | |
| LEWIS | Mildred | | Solano Municipal Court | 59141 | 08/21/91 | |
| LEWIS | Overton | M. | Orange County Superior Court | 00CL07243 | 06/20/01 | |
| LEWIS | Rosemary | | Los Angeles Superior Court | BC095072 | 03/30/95 | |
| LEYVA | Ricardo | | Solano Superior Court | MISC000577 | 04/11/01 | |
| LI | Shirley | | Santa Clara Superior Court | 106CV057385 | 06/01/07 | Second order dated 8/3/07 |
| LIETZKE | Bill | | Los Angeles Superior Court | BC089052 | 05/23/00 | |
| LINDHOLM | Vernon | | Los Angeles Superior Court | YC041590 | 04/08/03 | |
| LITTLEJOHN | Cynthia | | San Diego Superior Court | SDSC697107 | 01/16/98 | |
| LOCKETT | Sicory | | Los Angeles Superior Court | TC018494 | 11/10/05 | |
| LOFTON | Esther | M. | Los Angeles Superior Court | BS086123 | 02/17/04 | |
| LONG | Isabelle | C. | San Diego Superior Court | 678227R | 06/09/97 | |
| LONG | Sandra | J. | San Diego Superior Court | 678227R | 06/09/97 | |
| LONG | Thomas | | San Diego Superior Court | 678227R | 06/09/97 | |
| LOONEY | Alice | | Los Angeles Superior Court | MC005346 | 09/02/05 | Order states specifics. |
| LOONEY | Burl | C. | Los Angeles Superior Court | MC005346 | 09/02/05 | Order states specifics. |
| LOONEY | Burl | C. | Los Angeles Superior Court | MC005346 | 08/25/05 | |
| LOONEY | Judy | | Los Angeles Superior Court | MC005346 | 09/02/05 | Order states specifics. |
| LOTT | Damico | | Los Angeles Superior Court | BC340942 | 04/01/08 | Amended Order 6/4/2008 |
| LU | Frank | | Los Angeles Superior Court | BC203137 | 11/09/99 | |
| LUCKETT | John | | Orange County Superior Court | 00CC08289 | 07/11/00 | |
| LUCKETT | John | | Court of Appeal, 4th Dist, Div 3 | G011207 | 07/11/91 | |
| LUMPKIN | Margaret | | Sacramento Superior Court | 97AS02958 | 07/28/98 | |

# EXHIBIT B

# The Superior Court
OF THE
# State of California
SAN DIEGO

*Chambers of*
*KENNETH K. SO*
*Presiding Judge*

*Mailing Address*
*Post Office Box 122724*
*San Diego, California 92112-2724*

December 3, 2007

Dr. Robert V. Justice
9461 Charlesville Boulevard, Suite 394
Beverly Hills, CA 90212-3017

Re: **Motion to Dissolve Vexatious Litigant Order, Case No. PN 26420**

Dear Dr. Justice:

The court has reviewed your letter of November 17, 2007, asking whether you must obtain permission to file a motion seeking to dissolve the order issued in the above-entitled case declaring you a vexatious litigant. You are correct that leave is not required to file such a motion. The judge who issued the order, Hon. Marguerite L. Wagner, is unavailable to hear the motion. Therefore, the hearing in this matter will be assigned to Judge Joel M. Pressman in the North County Division. You may obtain a hearing date from his clerk by calling (760) 806-6305.

Very truly yours,

**KENNETH K. SO**
**Presiding Judge**

KKS:jmp

EXHIBIT C

# EXHIBIT C

# SUPERIOR COURT
## NORTH COUNTY JUDICIAL DISTRICT

325 S. Melrose Drive
Vista, CA 92081

FAX: (1760) 806-6345
Judicial Secretaries Office

## FACSIMILE TRANSMISSION

DATE: 4-11-08

TO: Dr. Justice

FAX PHONE#: 310-519-8845

FROM: Dept. 21

MESSAGE

Unless otherwise indicated or obvious from the nature of the transmittal, the information contained in this facsimile message is confidential information intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

TOTAL NUMBER OF PAGES SENT (including cover page): 5

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
## NORTH COUNTY
## MINUTE ORDER

Date: 04/11/2008 Time: 09:00:00 AM Dept: N-21
Judicial Officer Presiding: Judge Joel M. Pressman
Clerk: Trish Dietrich

Bailiff/Court Attendant:
ERM:
Reporter:

Case Init. Date: 08/09/2002

Case No: PN26420 Case Title: ESTATE OF OPAL MAE JUSTICE

Case Category: Probate Case Type: Letters Of Administration

Event Type: Other (Miscellaneous)

**Appearances:**

ROBERT VOLNEY JUSTICE is present
Attorney Rory Clark is present
Attorney Teresa L. Polk is present

The Court hears argument by all parties.

The TO DISOLVE VEXACIOUS LITIGANT STATUS was denied .

# EXHIBIT D

FILED
Clerk of the Superior Court
JUN 09 2008

Dr. Robert V. Justice
9461 Charleville Blvd., Ste. 394
Beverly Hills, CA 90212-3017
Phone: (559) 904-5645
Fax: (310) 519-8845

Moving Party and Appellant in Pro Per

COPY

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN DIEGO, NORTH COUNTY DIVISION**

| | |
|---|---|
| **Estate of OPAL MAE JUSTICE, also known as OPAL MAE JUSTICE, Deceased.** | **Case No. PN 26420**<br><br>**NOTICE OF APPEAL OF ORDER OF APRIL 11, 2008 DENYING DISSOLUTION OF VEXATIOUS LITIGANT INJUNCTION** |

To the Clerk and All Parties of Record:

NOTICE IS GIVEN that Moving Party Dr. Robert V. Justice hereby appeals from the Order Denying Motion to Dissolve Vexatious Litigant Injunction entered on April 11, 2008 pursuant to Code of Civil Procedure Section 904.1(a)(6).

Dated: June 8, 2008

By: *Dr. Robert V. Justice*
Dr. Robert V. Justice
Moving Party and Appellant in Pro Per

# PROOF OF SERVICE

I, Emery Soos, Sr., declare:

I am, and was at the time of the service hereinafter mentioned, over the age of 18 years and not a party to the above-entitled cause. My address is 264 S. La Cienega Blvd., Ste. 275, Beverly Hills, CA 90211-3302 in Los Angeles County, California. I served in accordance with Code of Civil Procedure Section 1013 the:

**NOTICE OF APPEAL OF ORDER OF APRIL 11, 2008 DENYING DISSOLUTION OF VEXATIOUS LITIGANT INJUNCTION**

by mailing first class true copies in envelopes sealed and deposited in the mail, with postage prepaid fully therein on June 9, 2008 at San Pedro, California to:

1. Rory W. Clark, Esq.
   Law Office of Rory W. Clark, APLC
   5743 Corsa Ave., Ste. 215
   Westlake Village, CA 91362-6467

2. William L. Miltner, Esq.
   Teresa L. Polk, Esq.
   Miltner Law Group, APC
   Emerald Plaza
   402 W. Broadway, Ste. 810
   San Diego, CA 92101

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: June 9, 2008

Emery Soos, Sr.

EXHIBIT E

# EXHIBIT E

COURT OF APPEAL - STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION ONE

FILED
Stephen M. Kelly, Clerk
JUN 19 2008
Court of Appeal Fourth District

Estate of OPAL MAE JUSTICE, Deceased.

ROBERT V. JUSTICE,
Petitioner and Appellant,
v.
WELLS FARGO BANK, N.A. et al.,
Objectors and Respondents;
JOSEPH R. COX et al.,
Real Parties in Interest and Respondents.

**D053235**
**San Diego County No. PN26420**

THE COURT:

It appears to the Court that Robert V. Justice has been declared a vexatious litigant within the meaning of Code of Civil Procedure section 391 and is subject to a prefiling order pursuant to Code of Civil Procedure section 391.7. On the court's own motion, the appeal is ordered stayed. The enclosed Application for Permission to Appeal or to File a Writ Petition needs to be completed and returned to this court within 10 days of the date of this order. The appeal shall be dismissed unless Robert V. Justice obtains an order from the Presiding Justice of this Court permitting the filing of the appeal pursuant to Code of Civil Procedure section 391.7, subdivision (b).

Presiding Justice

cc: All Parties
(Enc. - Appellant only)

# AFFIDAVIT OF TRANSMITTAL

I am a citizen of the United States, over 18 years of age, and not a party to the within action; that my business address is 750 B Street, Suite 300, San Diego, CA 92101; that I served a copy of the attached material in envelopes addressed to those persons noted below.

That said envelopes were sealed and shipping fees fully paid thereon, and thereafter were sent as indicated via the U.S. Postal System from San Diego, CA 92101.

I certify under penalty of perjury that the foregoing is true and correct.

Stephen M. Kelly, Clerk of the Court

Deputy Clerk

6/19/08
Date

CASE NUMBER: D053235

Office of the Clerk
San Diego County Superior Court - Main
P.O. Box 120128
San Diego, CA 92112

Material Sent YES: ✓

Robert V. Justice
9461 Charleville Blvd.
Suite 394
Beverly Hills, CA 90212-3017

Material Sent YES: ✓

Rory William Clark
Law Office of Rory W. Clark, APLC
5743 Corsa Ave #215
Westlake Village, CA 91362

Material Sent YES: ✓

William Leroy Miltner
Miltner Law Group, APC
Emerald Plaza
402 W. Broadway, Suite 810
San Diego, CA 92101

Material Sent YES: ✓

serv

EXHIBIT F

# EXHIBIT F

# FROM THE DESK OF
# DR. ROBERT V. JUSTICE

Dr. Robert V. Justice
9461 Charleville Blvd., Ste. 394
Beverly Hills, CA 90212-3017
Phone: (559) 904-5645
Fax: (310) 519-8845

COPY

June 27, 2008

**Via Express Mail**

**Express Mail No. EB 994579546 US**
Hon. Judith McConnell, Administrative Presiding Justice
Court of Appeal, Fourth Appellate District, Division One
750 B St., Ste. 300
San Diego, CA 92101
Phone: (619) 645-2760

Re: Instant Appeal's Exemption from California Vexatious Litigant Statutes
Justice v. Wells Fargo Bank, N.A.
Appellate Case No. D053235

Dear Hon. Judith McConnell, Administrative Presiding Justice:

This letter is in response to the court's order filed June 19, 2008, which I received on June 22, 2008.

This letter is to inform the Court of Appeal, Fourth Appellate District, Division One that the instant appeal is exempted from the California Vexatious Litigant Statutes in that the underlying motion to dissolve the vexatious litigant injunction was exempted from any prefiling requirements by order of Presiding Judge Kenneth K. So dated December 3, 2007. A copy of Presiding Judge So's Order of December 3, 2007 is attached as Exhibit A. As such, there is no requirement for me to obtain permission to maintain the instant appeal and further there can be no stay of the instant appellate proceedings. There are two well known exemptions to the California Vexatious Litigant Statutes: (1) habeas corpus petitions and (2) criminal matters at all levels. There is also a third exemption, which applies to motions to dissolve vexatious litigant injunctions. This third exemption was recognized by Presiding Judge So. The appellate court is directed to review two authorities analogous to the exemption asserted: *In Re Bittaker*

(1997) 55 Cal.App.4th 1004 and *McColm v. Westwood Park Association* (1998) 62 Cal.App.4th 1211, 1219.

Regardless of my exemption from obtaining permission on the instant appeal, I will provide the appellate court with a preview of what the instant appeal entails in the interest of satisfying the appellate court's curiosity. The order being reviewed was the result of the trial court's abuse of discretion in that there was no evidence to support any of the findings the trial court made that I am still a vexatious litigant and further resulted in the misapplication of the law, prejudicing me. The trial court also applied law that was not law, further prejudicing me. In addition, the so-called requirements under *Luckett v. Panos* (2008) 161 Cal.App.4th 77 to dissolve the vexatious litigant injunction considered by the trial court were unreasonable, arbitrary, impractical, harsh and unconstitutional.

You should also be aware of the fact that I have documented the discriminatory enforcement and/or administration of the California Vexatious Litigant Statutes with California's most infamous vexatious litigant, John Luckett. Upon discovery of Mr. Luckett's flagrant violation of the vexatious litigant injunction issued by the Court of Appeal, Fourth Appellate Division, Division Three, I notified the California Supreme Court on Case. No S163048 (depublication proceeding initiated by me) that Mr. Luckett had been declared a vexatious litigant and was subject to a prefiling order. I further informed the California Supreme Court that Mr. Luckett has filed numerous petitions and/or motions without the California Supreme Court requiring Mr. Luckett to obtain leave in the first place and/or hold him in contempt for willfully violating the vexatious litigant injunction entered against him. My investigation is ongoing to uncover how many more actions, petitions and/or motions were filed by Mr. Luckett and others similarly situated, where a court had not requested that they first obtain leave before filing and/or hold them in contempt of court for willfully violating the vexatious litigant injunction entered against them. I am preparing the necessary motion papers for the California Supreme Court to initiate civil contempt proceedings against Mr. Luckett. I have also contacted the district attorney to consider whether Mr. Luckett should be charged with criminal contempt for his flagrant violation of the vexatious litigant injunction entered against him.

Mr. Luckett and I are both subject to a vexatious litigant injunction in certain cases. We were both declared vexatious litigants. Yet, he is not required to obtain leave in every non-exempt case, but I am and have always been required. That is discriminatory and I have a good idea why I am being targeted by the courts of this state. After I informed the courts that I had received legal education from being schooled by attorneys upon being declared a vexatious litigant in 2003, the courts see me as a threat. The reason the courts view me as a threat stems from

my astute knowledge of the law, unlike real vexatious litigants who file frivolous filings in the courts hoping to get somewhere. It is my ability that the court is concerned about and is using the vexatious litigant injunction to prevent me from accessing the courts with my meritorious claims. The court cannot use the vexatious litigant injunction to regulate and control the kind of litigation brought before it and this is what I am experiencing and have experienced.

All fees on this instant appeal have been posted and I am ready to go forward.

Sincerely,

Dr. Robert V. Justice

Dr. Robert V. Justice

Attachment(s): Presiding Judge So's Exemption Order of December 3, 2008

cc: Chief Justice Ronald M. George, Chair of the Judicial Council
William C. Vickrey, Administrative Director of the Courts
Rory W. Clark, Esq.
William L. Miltner, Esq.
Teresa L. Polk, Esq.

# The Superior Court
OF THE
# State of California
SAN DIEGO

*Chambers of*
*KENNETH K. SO*
*Presiding Judge*

*Mailing Address*
*Post Office Box 122724*
*San Diego, California 92112-2724*

December 3, 2007

Dr. Robert V. Justice
9461 Charlesville Boulevard, Suite 394
Beverly Hills, CA 90212-3017

Re: **Motion to Dissolve Vexatious Litigant Order, Case No. PN 26420**

Dear Dr. Justice:

The court has reviewed your letter of November 17, 2007, asking whether you must obtain permission to file a motion seeking to dissolve the order issued in the above-entitled case declaring you a vexatious litigant. You are correct that leave is not required to file such a motion. The judge who issued the order, Hon. Marguerite L. Wagner, is unavailable to hear the motion. Therefore, the hearing in this matter will be assigned to Judge Joel M. Pressman in the North County Division. You may obtain a hearing date from his clerk by calling (760) 806-6305.

Very truly yours,

**KENNETH K. SO**
**Presiding Judge**

KKS:jmp

## PROOF OF SERVICE

I, Emery Soos, Sr., declare:

I am, and was at the time of the service hereinafter mentioned, over the age of 18 years and not a party to the above-entitled cause. My address is 264 S. La Cienega Blvd., Ste. 275, Beverly Hills, CA 90211-3302 in Los Angeles County, California. I served the:

**RESPONSE LETTER OF JUNE 27, 2008 RE: INSTANT APPEAL'S EXEMPTION FROM CALIFORNIA VEXATIOUS LITIGANT STATUTES**

by mailing first class true copies in envelopes sealed and deposited in the mail, with postage prepaid fully therein on June 27, 2008 at Torrance, California to:

1. Chief Justice Ronald M. George, Chair of the Judicial Council
   Judicial Council of California
   455 Golden Gate Ave.
   San Francisco, CA 94102-3688

2. William C. Vickrey, Administrator Director of the Courts
   Administrative Office of the Courts
   455 Golden Gate Ave.
   San Francisco, CA 94102-3688

3. Rory W. Clark, Esq.
   Counsel for Wells Fargo Bank, N.A.
   Law Office of Rory W. Clark, APLC
   5743 Corsa Ave., Ste. 215
   Westlake Village, CA 91362-6467

4. William L. Miltner, Esq.
   Teresa L. Polk, Esq.
   Counsels for Joseph and Sheila Cox
   Miltner Law Group, APC
   Emerald Plaza
   402 W. Broadway, Ste. 810
   San Diego, CA 92101

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: June 27, 2008

By: ______________________

Emery Soos, Sr.

# EXHIBIT G

ORIGINAL

# IN THE SUPREME COURT OF THE STATE OF CALIFORNIA

RECEIVED

JUL 8 - 2008

CLERK SUPREME COURT

| | |
|---|---|
| JOHN LUCKETT, individual,<br><br>**Petitioner,**<br><br>vs.<br><br>J.M. COOSE; WILMA A. PANOS, Executrix of the ESTATE OF B. GIS ANDREWS; STATE BAR OF CALIFORNIA,<br><br>**Respondents.** | **Case No. S163048**<br><br>**DECLARATION SUPPORTING CHARGE OF CONTEMPT AGAINST JOHN LUCKETT** |

Dr. Robert V. Justice
9461 Charleville Blvd., Ste. 394
Beverly Hills, CA 90212-3017
Phone: (559) 904-5645
Fax: (310) 519-8845

**Interested Party in Pro Per**

# IN THE SUPREME COURT OF THE STATE OF CALIFORNIA

| | | |
|---|---|---|
| JOHN LUCKETT, individual,<br><br>**Petitioner,**<br><br>vs.<br><br>J.M. COOSE; WILMA A. PANOS, Executrix of the ESTATE OF B. GIS ANDREWS; STATE BAR OF CALIFORNIA,<br><br>**Respondents.** | ) | **Case No. S163048**<br><br>**DECLARATION SUPPORTING CHARGE OF CONTEMPT AGAINST JOHN LUCKETT** |

Dr. Robert V. Justice
9461 Charleville Blvd., Ste. 394
Beverly Hills, CA 90212-3017
Phone: (559) 904-5645
Fax: (310) 519-8845

**Interested Party in Pro Per**

TO THE HONORABLE CHIEF JUSTICE AND ASSOCIATE JUSTICES OF THE SUPREME COURT OF THE STATE OF CALIFORNIA:

I, Dr. Robert V. Justice, declare:

1. I am an interested party to these proceedings.

2. On or about July 11, 1991, the Court of Appeal, Fourth Appellate District, Division Three, located at 925 N. Spurgeon St., Santa Ana, CA 92701-3724 through Honorable Justices Sills (PJ), Sonenshine and Moore entered a vexatious litigant injunction prohibiting Petitioner John Luckett ("Petitioner Luckett") from filing any new litigation in any court without leave of court. A true and correct copy of the vexatious litigant injunction is attached and incorporated herein as Exhibit A.

3. The foregoing vexatious litigant injunction was entered on July 11, 1991 on Appellate Case No. G011207 on a case entitled *In Re Finding of John Luckett As a Vexatious Litigant.*

4. Petitioner Luckett was served with notice of the foregoing order and/or had actual knowledge of the foregoing order.

5. At all times herein mentioned, Petitioner Luckett had the ability to comply with the foregoing order and still has the ability to do so and had the ability to do so at the time the order was violated.

6. At all times herein mentioned, the vexatious litigant injunction has remained in full force and effect.

7. Petitioner Luckett has disobeyed the order in that he filed a petition for review in this action without leave from Chief Justice George. Petitioner Luckett also failed to obtain leave from the Chief Justice to file a petition for review on nineteen (19) other non-exempted cases brought before this court:

a. Case No. S022408

b. Case No. S022554

c. Case No. S023481

d. Case No. S024411

e. Case No. S047238

f. Case No. S050766

g. Case No. S086426

h. Case No. S086490

i. Case No. S086639

j. Case No. S087051

k. Case No. S097646

l. Case No. S104982

m. Case No. S112890

n. Case No. S122321

o. Case No. S135691

p. Case No. S136109

q. Case No. S137331

r. Case No. S151164

s. Case No. S163048

8. Petitioner Luckett's disobedience has been willful and with the intent to frustrate the processes of this court and to deprive the general public and the other parties to this action herein, of the benefits to which they are entitled under the order.

WHEREFORE, I, the declarant herein, pray that this court issue an order requiring Petitioner Luckett herein, to show cause, if any he has, why he should not be judged in contempt of court by reason of his violation of the foregoing order, as alleged above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: July 7, 2008

By: Dr. Robert V. Justice

Dr. Robert V. Justice
Interested Party in Pro Per

# EXHIBIT A

**H**
In re Luckett
Cal.App.4.Dist.

In re Finding of JOHN LUCKETT as a Vexatious Litigant.
**No. G011207.**

Court of Appeal, Fourth District, Division 3, California.
July 11, 1991.

SUMMARY

The Court of Appeal determined that an individual was a vexatious litigant within the meaning of Code Civ. Proc., § 391. The individual filed numerous unmeritorious and frivolous pleadings in the appellate court, engaged in other frivolous tactics, abused his forma pauperis privilege of being excused from paying filing fees, repeatedly failed to provide an adequate record for review, and was not deterred by previous assessments of sanctions against him for bringing frivolous actions. The Court of Appeal prohibited the individual from filing any new litigation in California without first obtaining leave from the presiding judge of the court where the litigation was proposed to be filed. (Opinion by Sills, P. J., with Sonenshine and Moore, JJ., concurring.)

HEADNOTES

Classified to California Digest of Official Reports

**(1)** Abuse of Process § 4--Vexatious Litigants--Party Filing Numerous Unmeritorious and Frivolous Pleadings.
An individual was a vexatious litigant within the meaning of Code Civ. Proc., § 391. He filed numerous unmeritorious and frivolous pleadings in the appellate court, engaged in other frivolous tactics, abused his forma pauperis privilege of being excused from paying filing fees, repeatedly failed to provide an adequate record for review, and was not deterred by previous assessments of sanctions against him for bringing frivolous actions. The individual was prohibited from filing any new litigation in California without first obtaining leave from the presiding judge of the court where the litigation was proposed to be filed, pursuant to Code Civ. Proc., § 3917, subd. (a).
[See **Cal.Jur.3d (Rev),** Costs, § 40 et seq.; 3 **Witkin,** Cal. Procedure (3d ed. 1985) Actions, §§ 262- 264.]

COUNSEL
DATA FOR VERIFICATION ONLY
**SILLS, P. J.**
Since January 1990, John Luckett has filed at least 43 different appeals or writ petitions in this court while acting in propria persona. After due notice and an opportunity to be heard, the court has determined he is a vexatious litigant within the meaning of Code of Civil Procedure section 391, subdivision (b)(3), in that he has "repeatedly [filed] unmeritorious motions, pleadings, or other papers, [conducted] unnecessary discovery, or [engaged] in other tactics that are frivolous or solely intended to cause unnecessary delay."

On May 13, 1991, this court issued a written order and notice to Luckett, that it appeared he was a vexatious litigant as defined by section 391, subdivision (b)(3), of the Code of Civil Procedure. The order recited this court's observations that, in 34 different cases filed by Luckett in this court alone, he had filed unmeritorious motions, pleadings, or other papers, or en-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

gaged in other tactics that are frivolous.

The May 13 order notified Luckett the court was considering entering a prefiling order, pursuant to section 391.7, subdivision (a), of the Code of Civil Procedure, declaring him a vexatious litigant and prohibiting him from filing any new litigation in the courts of this state in propria persona without first obtaining leave of the presiding judge of the court where the litigation is proposed to be filed.

The May 13 order directed the clerk to set the matter for hearing on June 20, 1991. The order was sent to Luckett advising him of his right to appear before this court at that time and present argument and evidence on whether he is a vexatious litigant and whether the court should enter the proposed prefiling order under section 391.7, subdivision (a), of the Code of Civil Procedure.

After the notice was sent, Luckett filed a document titled "Motion to dismiss matter or in the alternative adjudication of the issues court to take judicial notice of G010033, G010880." He opined the two cited cases "speak for themselves" in proving he is not a vexatious litigant, and attached documents to demonstrate his point. We issued an order that the motion to dismiss and the concurrent motion for judicial notice would be decided at the scheduled hearing.

Luckett then filed a document entitled "Request for findings of fact, and ruleing [*sic*] on motion to dismiss! Request to rule on papers, and or attend ***109** hearing by telephone!" Luckett explained that he had recently been hired as a paralegal and collections clerk for a local credit agency, "which in it self [*sic* ] proves that [he is] worthy to practice law without having to get a judges permission to file papers!" We issued another order, again declining to rule on the motion to dismiss, but indicating Luckett's personal presence at the vexatious litigant hearing was not required.

Luckett did not appear at the scheduled hearing. His written documents explain his defenses, however. In sum, he urges that his successes in certain lawsuits and his current employment demonstrate that he is not a vexatious litigant. We disagree.

Section 391, subdivision (a)(3) of the Code of Civil Procedure defines several categories of vexatious litigants, including one, who, "[i]n any litigation while acting in propria persona, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay." Per Luckett's request, we take judicial notice of the documents attached to his motion to dismiss. Indeed, we have reviewed in detail every document he has filed in the 43 separate appellate actions he has filed with this court. Contrary to Luckett's claims, those documents illustrate our conclusion that he has repeatedly filed unmeritorious motions and engaged in other tactics that are frivolous. Some of his appeals have been dismissed because he has attempted to appeal nonappealable orders. (*People v. Luckett*, G009148; *Luckett v. Smathers*, G009520; *Luckett v. Smathers*, G009684; *Luckett v. Smathers*, G010033; *Luckett v. Smathers*, G010209.) Others have been dismissed because Luckett's briefs did not conform with the rules of court. (*Luckett v. Knisley*, G009241; *Luckett v. First Interstate Bank*, G009386; *Luckett v. City of Newport Beach*, G009404; *Luckett v. Knisley*, G009463.) In all four of those cases he made unmeritori-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

ous and frivolous motions to have the original brief refiled after this court struck the brief and gave him an opportunity to file a brief which did conform to the rules of court.

Luckett has repeatedly refiled motions which this court has already denied. This court issued an unpublished opinion in *Luckett v. Aladdin Tour and Travel* (Oct. 31, 1990) G009294, affirming the lower court's judgment and sanctioning Luckett $1,500 for a frivolous appeal. On three occasions he filed separate motions to set aside and/or vacate the order imposing sanctions. In *Luckett v. Smathers*, G010033, he requested enforcement of a settlement on three separate occasions. Respondent's motion to dismiss was granted but Luckett requested reconsideration twice. After the Supreme ***110** Court denied his petition for review and after the remittitur issued he sought the same relief in a motion to "restore" appellant's case.

In his first petition for a writ of mandate he filed an ancillary motion "to enforce prejudice affidavits." His second writ petition was actually a request to take judicial notice of a clerk's transcript in a pending appeal. Thereafter he filed 23 more writ petitions, most of which were simply copies of motions he had filed in superior court but relabeled "writ of mandate." Indeed, the change was made in handwriting, crossing out the original caption of the motion. The writ petitions sought various forms of relief, the majority of which could not be obtained by petitioning for extraordinary relief. Most were unintelligible, repeating claims the court had previously rejected and renewing motions the court had previously denied. Rarely did he provide an adequate record for review. Moreover, he often cluttered the record with extraneous correspondence and news clippings which have no bearing on any legal issue presented.

Court filing fees ordinarily deter even the most persistent litigants. But Luckett has been relieved of the obligation to pay filing fees because of his statutory right to forma pauperis relief. He has, however, abused that right by repeatedly filing unmeritorious and frivolous pleadings. Luckett's tactics waste precious court time. This court has previously imposed monetary sanctions, but he persists.

Luckett's motions to dismiss these proceedings are denied. His written arguments have been read and considered by the court. His request for judicial notice is granted.

(1) This court finds that John Luckett is a vexatious litigant within the meaning of Code of Civil Procedure section 391. Henceforth, pursuant to section 391.7 of the Code of Civil Procedure, John Luckett may not file "any new litigation in the courts of this state in propria persona without first obtaining leave of the presiding judge of the court where the litigation is proposed to be filed." (Code Civ. Proc., § 391.7, subd. (a).) Disobedience of this order may be punished as a contempt of court. (*Ibid.*) "The presiding judge shall permit the filing of such litigation only if it appears that the litigation has merit and has not been filed for the purposes of harassment or delay. The presiding judge may condition the filing of the litigation upon the furnishing of security for the benefit of the defendants as provided in Section 391.3." (Code Civ. Proc., § 391.7, subd. (b).)

The clerk of this court is directed to provide a copy of this opinion and order to

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

the Judicial Council. (Code Civ. Proc., § 391.7, subd. (d).) Copies ***111** shall also be mailed to the presiding judges and clerks of the Orange County Superior Court and each branch of the Orange County Municipal Court.

Sonenshine, J., and Moore, J., concurred.
A petition for a rehearing was denied July 17, 1991, and petitioner's application for review by the Supreme Court was denied September 25, 1991. ***112**

Cal.App.4.Dist.
In re Luckett
232 Cal.App.3d 107, 283 Cal.Rptr. 312

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

## PROOF OF SERVICE

I, Emery Soos, Sr., declare:

I am, and was at the time of the service hereinafter mentioned, over the age of 18 years and not a party to the above-entitled cause. My address is 264 S. La Cienega Blvd., Ste. 275, Beverly Hills, CA 90211-3302 in Los Angeles County, California. I served the:

**DECLARATION SUPPORTING CHARGE OF CONTEMPT AGAINST JOHN LUCKETT**

by mailing first class true copies in envelopes sealed and deposited in the mail, with postage prepaid fully therein on July 7, 2008 at San Pedro, California to:

1. Court of Appeal
   Fourth Appellate District
   Division Three
   P.O. Box 22055
   Santa Ana, CA 92702

2. Appellant John Luckett
   2555 W. Winston Rd., No. 40
   Anaheim, CA 92804

3. Respondent J.M. Coose
   2790 Harbor Blvd., Ste. 109
   Costa Mesa, CA 92626

4. Respondents Gus Andrews and Wilma A. Panos
   Byron S. Hollins, Esq.
   Hollins & Levy, LLP
   23801 Calabasas Rd., Ste. 100
   Calabasas, CA 91302-1597

5. Respondent State Bar of California
   Office of General Counsel
   180 Howard St.
   San Francisco, CA 94105

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: July 7, 2008

By: ______________________________
Emery Soos, Sr.

THE SUPREME COURT
OF THE STATE OF CALIFORNIA
350 MCALLISTER STREET
SAN FRANCISCO, CA 94102-4797

UNITED STATES POSTAGE
$ 01.85⁰
02 1M
0004222782 JUL 10 2008
MAILED FROM ZIP CODE 94102

Dr. Robert V. Justice
9461 Charleville Blvd., Suite 394
Beverly Hills, Ca 90212-3017

EXHIBIT H

# EXHIBIT H

COURT OF APPEAL - STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION ONE

Estate of OPAL MAE JUSTICE, Deceased.

FILED
Stephen M. Kelly, Clerk
JUL 02 2008
Court of Appeal Fourth District

ROBERT V. JUSTICE,
Petitioner and Appellant,
v.
WELLS FARGO BANK, N.A. et al.,
Objectors and Respondents;
JOSEPH R. COX et al.,
Real Parties in Interest and Respondents.
**D053235**
**San Diego County No. PN26420**

THE COURT:

Request for Permission to Appeal received by this court on June 30, 2008, is DENIED. (Code of Civ. Proc. sec. 391.7, subd. (b).) The appeal filed with the Superior Court on June 09, 2008, is DISMISSED.

Presiding Justice

cc: All Parties

# EXHIBIT I

# FROM THE DESK OF
# DR. ROBERT V. JUSTICE

Dr. Robert V. Justice
9461 Charleville Blvd., Ste. 394
Beverly Hills, CA 90212-3017
Phone: (559) 904-5645
Fax: (310) 519-8845

July 10, 2008

**Via Express Mail**

**Express Mail No. EB 891178719 US**
Hon. Judith McConnell, Administrative Presiding Justice
Court of Appeal, Fourth Appellate District, Division One
750 B St., Ste. 300
San Diego, CA 92101
Phone: (619) 645-2760

Re: <u>Response to the Appellate Court's Unwarranted Dismissal of July 2, 2008</u>
<u>Justice v. Wells Fargo Bank, N.A.</u>
<u>Appellate Case No. D053235</u>

Dear Hon. Judith McConnell, Administrative Presiding Justice:

Your unwarranted dismissal comes as no surprise to me. A copy of the dismissal order of July 2nd is attached as Exhibit A. Your dismissal proves what I had stated in my response of June 27th that you are regulating and controlling the kind of issues brought before this court. You want to prevent me from raising any challenges to the outrageous requirements imposed by *Luckett v. Panos* (2008) 161 Cal.App.4th 77 to have a vexatious litigant injunction dissolved. The court is again fabricating a dismal record with its unwarranted dismissals and denials to justify the continuation of the vexatious litigant injunction entered against me.

I stated in my previous letter of June 27th that I have documented the discriminatory enforcement and/or administration of the California Vexatious Litigant Statutes with California's most infamous vexatious litigant, John Luckett. A copy of the vexatious litigant injunction pertaining to Mr. Luckett is attached as Exhibit B. I finished my investigation wherein I located all the nonexempt appeals brought in the Fourth Appellate District by Mr. Luckett wherein he was not required to obtain leave even though he was subject to the vexatious litigant

injunction mentioned hereinbefore. The cases are as follows:

a. Case No. G038430 (copy of docket attached as Exhibit C)
b. Case No. G032581 (copy of docket attached as Exhibit D)
d. Case No. G026688 (copy of docket attached as Exhibit E)
e. Case No. G018715 (copy of docket attached as Exhibit F)
f. Case No. G017905 (copy of docket attached as Exhibit G)

Even if the vexatious litigant statutes were hypothetically applicable to the instant appeal, I do not need to ask your permission to appeal because the vexatious litigant statutes are being enforced in a discriminating matter making it unconstitutional. The only reason you are enforcing the vexatious litigant statutes against me is because of my astute knowledge of the law and to further prevent me from raising any issues on the instant appeal in order to regulate what issues are brought before this court. You are preventing me from making any challenges.

In *Wolfe v. Strankman* (2004) 392 F.3d 358, the Ninth Circuit has opened a pathway for state court judges and justices to become subject to suit in federal court for acts committed in their administrative capacity. Particularly, the Ninth Circuit held in *Wolfe v. Strankman* at 364:

> "We construe Wolfe's references to the prior judicial actions enumerated above in this light. That is, we construe these references as showing that Wolfe has, in the past, acted in such a way as to subject himself to the operation of the Vexatious Litigant Statute, thereby tending to show that he will act in this way again and that the statute will be enforced against him again. These references are thus part of his demonstration that he is sufficiently threatened with actual harm from the future operation of the Vexatious Litigant Statute that he has standing to bring the present suit. We do not construe there references as de facto appeals from the decisions in those prior actions. We therefore hold that the district court erred in dismissing Wolfe's suit for lack of subject matter jurisdiction under *Rooker-Feldman*."

I would like to remind you that you have acted and are acting in an administrative capacity on this matter. It would be unfortunate if I had to file an action in the federal court to declare California Vexatious Litigant Statutes unconstitutional based on the fact it is being enforced in a discriminatory manner against me on this exempt appeal.

I will be filing a petition for writ of mandate with the California Supreme Court on July 11th or July 14th pursuant to the mandate set forth in *Wolfgram v. Wells Fargo Bank* (1997) 53 Cal.App.4th 43 because you abused your discretion (no discretion) by denying the filing of my appeal and thereinafter dismissing it. In *Wolfgram v. Wells Fargo Bank* the court established at 61:

> "Moreover, as to all categories of cases, if a presiding judge refused to exercise or abused his or her discretion, the aggrieved litigant could file an original mandamus action in a higher court to compel the presiding judge to act according to law."

I am providing you an opportunity to respond to the issues I have addressed in this letter, which will also be raised with the California Supreme Court.

Sincerely,

Dr. Robert V. Justice

Dr. Robert V. Justice

Attachment(s): copy of the dismissal order of July 2, 2008 as Exhibit A; copy of the vexatious litigant injunction entered against John Luckett as Exhibit B; copy of the docket on Appellate Case No. G038430 as Exhibit C; copy of the docket on Appellate Case No. G032581 as Exhibit D; copy of the docket on Appellate Case No. G026688 as Exhibit E; copy of the docket on Appellate Case No. G018715 as Exhibit F; and copy of the docket on Appellate Case No. G017905 as Exhibit G

cc: Chief Justice Ronald M. George, Chair of the Judicial Council
William C. Vickrey, Administrative Director of the Courts
Rory W. Clark, Esq.
William L. Miltner, Esq.
Teresa L. Polk, Esq.

# EXHIBIT A

COURT OF APPEAL - STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION ONE

Estate of OPAL MAE JUSTICE, Deceased.

---

ROBERT V. JUSTICE,
Petitioner and Appellant,
v.
WELLS FARGO BANK, N.A. et al.,
Objectors and Respondents;
JOSEPH R. COX et al.,
Real Parties in Interest and Respondents.
**D053235**
**San Diego County No. PN26420**

FILED
Stephen M. Kelly, Clerk
JUL 02 2008
Court of Appeal Fourth District

THE COURT:

Request for Permission to Appeal received by this court on June 30, 2008, is DENIED. (Code of Civ. Proc. sec. 391.7, subd. (b).) The appeal filed with the Superior Court on June 09, 2008, is DISMISSED.

Presiding Justice

cc: All Parties

# AFFIDAVIT OF TRANSMITTAL

I am a citizen of the United States, over 18 years of age, and not a party to the within action; that my business address is 750 B Street, Suite 300, San Diego, CA 92101; that I served a copy of the attached material in envelopes addressed to those persons noted below.

That said envelopes were sealed and shipping fees fully paid thereon, and thereafter were sent as indicated via the U.S. Postal System from San Diego, CA 92101.

I certify under penalty of perjury that the foregoing is true and correct.

Stephen M. Kelly, Clerk of the Court

[signature]
Deputy Clerk

7/2/08
Date

CASE NUMBER: D053235

Office of the Clerk
San Diego County Superior Court - Main
P.O. Box 120128
San Diego, CA 92112

Material Sent YES: ✓

Robert V. Justice
9461 Charleville Blvd.
Suite 394
Beverly Hills, CA 90212-3017

Material Sent YES: ✓

Rory William Clark
Law Office of Rory W. Clark, APLC
5743 Corsa Ave #215
Westlake Village, CA 91362

Material Sent YES: ✓

William Leroy Miltner
Miltner Law Group, APC
Emerald Plaza
402 W. Broadway, Suite 810
San Diego, CA 92101

Material Sent YES: ✓

# EXHIBIT B

H
In re Luckett
Cal.App.4.Dist.
In re Finding of JOHN LUCKETT as a Vexatious Litigant.
**No. G011207.**

Court of Appeal, Fourth District, Division 3, California.
July 11, 1991.

SUMMARY

The Court of Appeal determined that an individual was a vexatious litigant within the meaning of Code Civ. Proc., § 391. The individual filed numerous unmeritorious and frivolous pleadings in the appellate court, engaged in other frivolous tactics, abused his forma pauperis privilege of being excused from paying filing fees, repeatedly failed to provide an adequate record for review, and was not deterred by previous assessments of sanctions against him for bringing frivolous actions. The Court of Appeal prohibited the individual from filing any new litigation in California without first obtaining leave from the presiding judge of the court where the litigation was proposed to be filed. (Opinion by Sills, P. J., with Sonenshine and Moore, JJ., concurring.)

HEADNOTES

Classified to California Digest of Official Reports

**(1)** Abuse of Process § 4--Vexatious Litigants--Party Filing Numerous Unmeritorious and Frivolous Pleadings.
An individual was a vexatious litigant within the meaning of Code Civ. Proc., § 391. He filed numerous unmeritorious and frivolous pleadings in the appellate court, engaged in other frivolous tactics, abused his forma pauperis privilege of being excused from paying filing fees, repeatedly failed to provide an adequate record for review, and was not deterred by previous assessments of sanctions against him for bringing frivolous actions. The individual was prohibited from filing any new litigation in California without first obtaining leave from the presiding judge of the court where the litigation was proposed to be filed, pursuant to Code Civ. Proc., § 3917, subd. (a).
[See **Cal.Jur.3d (Rev)**, Costs, § 40 et seq.; 3 **Witkin**, Cal. Procedure (3d ed. 1985) Actions, §§ 262- 264.]

COUNSEL
DATA FOR VERIFICATION ONLY
**SILLS, P. J.**
Since January 1990, John Luckett has filed at least 43 different appeals or writ petitions in this court while acting in propria persona. After due notice and an opportunity to be heard, the court has determined he is a vexatious litigant within the meaning of Code of Civil Procedure section 391, subdivision (b)(3), in that he has "repeatedly [filed] unmeritorious motions, pleadings, or other papers, [conducted] unnecessary discovery, or [engaged] in other tactics that are frivolous or solely intended to cause unnecessary delay."

On May 13, 1991, this court issued a written order and notice to Luckett, that it appeared he was a vexatious litigant as defined by section 391, subdivision (b)(3), of the Code of Civil Procedure. The order recited this court's observations that, in 34 different cases filed by Luckett in this court alone, he had filed unmeritorious motions, pleadings, or other papers, or en-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

gaged in other tactics that are frivolous.

The May 13 order notified Luckett the court was considering entering a prefiling order, pursuant to section 391.7, subdivision (a), of the Code of Civil Procedure, declaring him a vexatious litigant and prohibiting him from filing any new litigation in the courts of this state in propria persona without first obtaining leave of the presiding judge of the court where the litigation is proposed to be filed.

The May 13 order directed the clerk to set the matter for hearing on June 20, 1991. The order was sent to Luckett advising him of his right to appear before this court at that time and present argument and evidence on whether he is a vexatious litigant and whether the court should enter the proposed prefiling order under section 391.7, subdivision (a), of the Code of Civil Procedure.

After the notice was sent, Luckett filed a document titled "Motion to dismiss matter or in the alternative adjudication of the issues court to take judicial notice of G010033, G010880." He opined the two cited cases "speak for themselves" in proving he is not a vexatious litigant, and attached documents to demonstrate his point. We issued an order that the motion to dismiss and the concurrent motion for judicial notice would be decided at the scheduled hearing.

Luckett then filed a document entitled "Request for findings of fact, and ruleing [*sic*] on motion to dismiss! Request to rule on papers, and or attend ***109** hearing by telephone!" Luckett explained that he had recently been hired as a paralegal and collections clerk for a local credit agency, "which in it self [*sic* ] proves that [he is] worthy to practice law without having to get a judges permission to file papers!" We issued another order, again declining to rule on the motion to dismiss, but indicating Luckett's personal presence at the vexatious litigant hearing was not required.

Luckett did not appear at the scheduled hearing. His written documents explain his defenses, however. In sum, he urges that his successes in certain lawsuits and his current employment demonstrate that he is not a vexatious litigant. We disagree.

Section 391, subdivision (a)(3) of the Code of Civil Procedure defines several categories of vexatious litigants, including one, who, "[i]n any litigation while acting in propria persona, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay." Per Luckett's request, we take judicial notice of the documents attached to his motion to dismiss. Indeed, we have reviewed in detail every document he has filed in the 43 separate appellate actions he has filed with this court. Contrary to Luckett's claims, those documents illustrate our conclusion that he has repeatedly filed unmeritorious motions and engaged in other tactics that are frivolous. Some of his appeals have been dismissed because he has attempted to appeal nonappealable orders. (*People v. Luckett,* G009148; *Luckett v. Smathers,* G009520; *Luckett v. Smathers,* G009684; *Luckett v. Smathers,* G010033; *Luckett v. Smathers,* G010209.) Others have been dismissed because Luckett's briefs did not conform with the rules of court. (*Luckett v. Knisley,* G009241; *Luckett v. First Interstate Bank,* G009386; *Luckett v. City of Newport Beach,* G009404; *Luckett v. Knisley,* G009463.) In all four of those cases he made unmeritori-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

ous and frivolous motions to have the original brief refiled after this court struck the brief and gave him an opportunity to file a brief which did conform to the rules of court.

Luckett has repeatedly refiled motions which this court has already denied. This court issued an unpublished opinion in *Luckett v. Aladdin Tour and Travel* (Oct. 31, 1990) G009294, affirming the lower court's judgment and sanctioning Luckett $1,500 for a frivolous appeal. On three occasions he filed separate motions to set aside and/or vacate the order imposing sanctions. In *Luckett v. Smathers*, G010033, he requested enforcement of a settlement on three separate occasions. Respondent's motion to dismiss was granted but Luckett requested reconsideration twice. After the Supreme ***110** Court denied his petition for review and after the remittitur issued he sought the same relief in a motion to "restore" appellant's case.

In his first petition for a writ of mandate he filed an ancillary motion "to enforce prejudice affidavits." His second writ petition was actually a request to take judicial notice of a clerk's transcript in a pending appeal. Thereafter he filed 23 more writ petitions, most of which were simply copies of motions he had filed in superior court but relabeled "writ of mandate." Indeed, the change was made in handwriting, crossing out the original caption of the motion. The writ petitions sought various forms of relief, the majority of which could not be obtained by petitioning for extraordinary relief. Most were unintelligible, repeating claims the court had previously rejected and renewing motions the court had previously denied. Rarely did he provide an adequate record for review. Moreover, he often cluttered the record with extraneous correspondence and news clippings which have no bearing on any legal issue presented.

Court filing fees ordinarily deter even the most persistent litigants. But Luckett has been relieved of the obligation to pay filing fees because of his statutory right to forma pauperis relief. He has, however, abused that right by repeatedly filing unmeritorious and frivolous pleadings. Luckett's tactics waste precious court time. This court has previously imposed monetary sanctions, but he persists.

Luckett's motions to dismiss these proceedings are denied. His written arguments have been read and considered by the court. His request for judicial notice is granted.

(1) This court finds that John Luckett is a vexatious litigant within the meaning of Code of Civil Procedure section 391. Henceforth, pursuant to section 391.7 of the Code of Civil Procedure, John Luckett may not file "any new litigation in the courts of this state in propria persona without first obtaining leave of the presiding judge of the court where the litigation is proposed to be filed." (Code Civ. Proc., § 391.7, subd. (a).) Disobedience of this order may be punished as a contempt of court. (*Ibid.*) "The presiding judge shall permit the filing of such litigation only if it appears that the litigation has merit and has not been filed for the purposes of harassment or delay. The presiding judge may condition the filing of the litigation upon the furnishing of security for the benefit of the defendants as provided in Section 391.3." (Code Civ. Proc., § 391.7, subd. (b).)

The clerk of this court is directed to provide a copy of this opinion and order to

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

the Judicial Council. (Code Civ. Proc., § 391.7, subd. (d).) Copies *111 shall also be mailed to the presiding judges and clerks of the Orange County Superior Court and each branch of the Orange County Municipal Court.

Sonenshine, J., and Moore, J., concurred.
A petition for a rehearing was denied July 17, 1991, and petitioner's application for review by the Supreme Court was denied September 25, 1991. *112

Cal.App.4.Dist.
In re Luckett
232 Cal.App.3d 107, 283 Cal.Rptr. 312

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT C

# CALIFORNIA APPELLATE COURTS

Case Information

## 4th Appellate District Division 3

Change court

Court data last updated: 07/09/2008 11:05 AM

Case Summary Docket Scheduled Actions Briefs
Disposition Parties and Attorneys Trial Court

C|C
home

## Docket (Register of Actions)

**Luckett v. Panos**
**Case Number G038430**

| Date | Description | Notes |
|---|---|---|
| 04/03/2007 | Notice of appeal lodged/received. | Appellant John Luckett |
| 04/12/2007 | Received default notice 8.120(a) desig. not filed. Date: | Aplt failure to file designation of Clerk's record on appeal lin conformance w/rule 8.120a4 & 8.120a5. Each exhibit must be identified by number of letter. |
| 04/12/2007 | Civil case information statement filed. | |
| 04/12/2007 | Filed document entitled: | Aplt's request to strike all respondents as parties to appeal. |
| 04/12/2007 | Order filed. | Aplt's request for relief in not having to serve respondents with notices and pleadings on appeal filed 4/12/07 is GRANTED. |
| 04/13/2007 | Mail returned, unable to forward. | Resp J.M. Coose. Settlement conference notice returned. Per letter from aplt, this party has moved to Texas w/an unknown forwarding address. |
| 04/18/2007 | Default notice vacated. | Aplt has complied w/designation, rule 8.140(a) on 4/17/07. |
| 04/23/2007 | Mail returned, unable to forward. | Order of 4/12/07 sent to J.M. Coose. Return to sender, not deliverable as addressed, unable to forward. |
| 04/25/2007 | Default notice received-appellant notified per rule 8.140(a)(1). | Deposit of funds |
| 05/01/2007 | Default notice vacated. | Appellant has deposited funds for the preparation of the designated court reporter's transcript as required by CRC, rule 8.130(b). |
| 05/16/2007 | Notice to reporter to prepare transcript. | CSR: K. Rex |
| 06/22/2007 | Record on appeal filed. | 1 CT w/1 probation report/ 1RT |
| 06/25/2007 | Motion/application | Aplt's request to augment the record (Exhibit |

| | | |
|---|---|---|
| | to augment record filed. | A-D included w/request) and aplt's request for ext of time to file aob |
| 06/29/2007 | Supplemental record/transcript filed. | 1 CT |
| 07/13/2007 | Mail returned, unable to forward. | Record notice sent to J.M. Coose (Returned - no longer at this address) |
| 07/13/2007 | To court. | Aplt's request to augment the record (Exhibit A-D included w/request) and aplt's request for ext of time to file aob |
| 07/19/2007 | Augmentation granted. (See order.) | On June 25, 2007, aplt filed a mtn to augment the record & a request for ext of time to file the aob. Aplt's mtn is GRANTED. The documents attached to the mtn are DEEMED part of the record on appeal. Aplt is granted to 8/31/07, to file aob. |
| 08/07/2007 | Mail returned, unable to forward. | copy of order dated 07/19/07 to respondent J. M. Coose. |
| 09/05/2007 | Order filed. | Appellant submitted his opening brief for filing on August 30, 2007. The opening brief is REJECTED. The clerk of this court is directed to return forthwith the appellant's opening brief to appellant. The brief does not comply with California Rules of Court, rules 8.204, 8.208 and 8.40(b). Appellant is GRANTED 45 days from the date of this order to file his opening brief in compliance with the California Rules of Court. |
| 09/05/2007 | Note: | aob returned to aplt. |
| 09/13/2007 | Mail returned, unable to forward. | copy order dated 09/05/07 to respondent J.M Coose. |
| 09/21/2007 | Appellant's opening brief. | |
| 09/28/2007 | Association of attorneys filed for: | Hollins & Levy is associated with Hollins & Fields. |
| 09/28/2007 | Filed letter from: | respondent atty. Byron Hollins re his intent to file respondent's brief. |
| 10/19/2007 | Filed letter from: | from aplt. |
| 10/23/2007 | Respondent notified pursuant to rule 8.220(a)(2). | |
| 10/23/2007 | Respondent notified pursuant to rule 8.220(a)(2). | |
| 10/23/2007 | Respondent notified pursuant to rule 8.220(a)(2). | |
| 10/26/2007 | Respondent's brief. | |
| 11/08/2007 | Case on ready list; no reply to 8.220(a) | |

| | | |
|---|---|---|
| | (2) notice. | |
| 11/08/2007 | Case on ready list; no reply to 8.220(a) (2) notice. | |
| 11/29/2007 | ARB not filed (time elapsed or notice no brief). | |
| 11/29/2007 | Case fully briefed. | |
| 11/29/2007 | Argument letter sent. | |
| 12/03/2007 | Request for oral argument filed by: | Aplt John Luckett counsel for aplt. Time estimate - 1 hour. |
| 12/04/2007 | Mail returned, unable to forward. | copy of notice dated 11/29/07 |
| 12/04/2007 | Waiver of oral argument filed by: | Atty Byron S. Hollins counsel for resp. |
| 12/20/2007 | Case briefed and on assignment panel. | For February 2008 calendar |
| 01/08/2008 | Calendar notice sent. Calendar date: | 2-19-08 at 9:00 a.m. |
| 01/15/2008 | Mail returned and re-sent. | Resp J.M. Coose's copy of O/A schedule for February. |
| 01/23/2008 | Mail returned, unable to forward. | Resp J.M. Coose's copy of Feb. calendar for o/a. |
| 02/19/2008 | Cause argued and submitted. | Aplt John Luckett argued in pro pria persona. Atty Bryon S. Hollins argued for resp. |
| 03/24/2008 | Opinion filed. | (Signed Published) Affirmed/Sills, P.J., Rylaarsdam, J., Bedsworth. |
| 03/27/2008 | Rehearing petition filed. | By aplt John Luckett. |
| 04/02/2008 | Filed letter from: | supplemental declaration by aplt. sent to author |
| 04/03/2008 | Filed declaration of: | John Luckett (recv'd only) |
| 04/11/2008 | Filed declaration of: | (only received) Aplt's supplemental declaration. (no POS attached). |
| 04/18/2008 | Filed document entitled: | supplemental declaration of aplt. re this court's opinion. |
| 04/23/2008 | Filed declaration of: | Supplemental declaration of John Luckett in support of petition for rehearing. |
| 04/23/2008 | Order denying rehearing petition filed. | Sills/Rylaarsdam/Bedsworth |
| 04/25/2008 | Received copy of: | Suprm crt copy of request for depublication. |
| 04/28/2008 | Mail returned, unable to forward. | Denial order on petition rehearing sent to J.M. Coose - RTS - not deliverable as addressed - unable to forward |
| | Service copy of | By aplt. |

| | | |
|---|---|---|
| 04/30/2008 | petition for review received. | |
| 05/13/2008 | Record transmitted to Supreme Court. | 1 misc. folder, 1 aob, 1 rb, 2 ct, 1 rt, 1 conf. prob. officer's report |
| 05/20/2008 | Received copy of: | Suprm crts copy of mtn to strike non-party Dr. Justice's mtn to depublish opinion. |
| 05/22/2008 | Received copy of: | Suprm crts copy of ntc to clerk pursuant to code of civil procedure non-party Dr. Justice's. |
| 05/22/2008 | Received copy of: | Oppo to Luckett's mtn to strike the request for depublication, made non-party Dr. Justice's . |
| 05/27/2008 | Received copy of: | Suprm crt's copy of safe harbor notice; declaration of John Luckett; mtn for sanctions. |
| 05/30/2008 | Received copy of: | Suprm crt's copy of Dr. Robert V. Justice's response letter to Mr. Luckett's Safe-Harbor letter. |
| 05/30/2008 | Received copy of: | Suprm crt's copy of John Luckett's ex-parte mtn for an immediate injunction injoining DR. Robert V. Justice. |
| 06/03/2008 | Received copy of: | Notice to the court of appellant's continued flagrant violation of the vexatious litigant injunction, filed by non-part Dr. Robert V. Justice. |
| 06/16/2008 | Petition for review denied in Supreme Court. | filed 6/11/08 and the request for an order directing depublication of the opinion is denied. |
| 06/17/2008 | Remittitur issued. | |
| 06/17/2008 | Case complete. | |
| 06/17/2008 | Record returned from Supreme Court. | 1 misc. folder, 1 aob, 1 rb, 2 ct, 1 rt, 1 conf. prob. officer's report |

**Click here to request automatic e-mail notifications about this case.**

© 2007 Judicial Council of California

# CALIFORNIA APPELLATE COURTS

Case Information

## 4th Appellate District Division 3

Change court

Court data last updated: 07/09/2008 11:05 AM

Case Summary Docket Scheduled Actions Briefs
Disposition Parties and Attorneys Trial Court

## Parties and Attorneys

**Luckett v. Panos**
**Case Number G038430**

| Party | Attorney |
|---|---|
| Luckett, John : Plaintiff and Appellant<br>2555 W. Winston Road, #40<br>Anaheim, CA 92804 | Pro Per |
| Coose, J. M. : Defendant and Respondent<br>2790 Harbor Blvd.<br>Suite 109<br>Costa Mesa, CA 92626 | Pro Per |
| Andrews, Gus : Defendant and Respondent | Byron S. Hollins<br>Hollins & Levy LLP<br>23801 Calabasas Road<br>Suite 100<br>Calabasas, CA 91302-1597 |
| Panos, Wilma A. : Defendant and Respondent | Byron S. Hollins<br>Hollins & Levy LLP<br>23801 Calabasas Road<br>Suite 100<br>Calabasas, CA 91302-1597 |
| State Bar of California : Defendant and Respondent<br>Office of General Counsel<br>180 Howard St.<br>San Francisco, CA 94105 | |

C|C home

**Click here to request automatic e-mail notifications about this case.**

©2007 Judicial Council of California

# CALIFORNIA APPELLATE COURTS

Case Information

## 4th Appellate District Division 3

Change court

Court data last updated: 07/09/2008 11:05 AM

Case Summary Docket Scheduled Actions Briefs
Disposition Parties and Attorneys Trial Court

C|C
home

## Docket (Register of Actions)

**Luckett v. Orange County Superior Court et al.**
**Case Number G032581**

| Date | Description | Notes |
|---|---|---|
| 07/22/2003 | Filed petition for writ of: | mandate/request for stay AND a copy of the lower court order by peti- tioner John Luckett |
| 07/24/2003 | Order denying petition filed. | Request for immediate stay & reversal denied. Rylaarsdam, Fybel, Ikola |
| 08/06/2004 | Record in off-site storage | 304816818 |
| 01/20/2008 | Case complete. | |

**Click here to request automatic e-mail notifications about this case.**

©2007 Judicial Council of California

# EXHIBIT D

# CALIFORNIA APPELLATE COURTS

Case Information

## 4th Appellate District Division 3

Change court

Court data last updated: 07/03/2008 12:05 AM

Case Summary Docket Scheduled Actions Briefs
Disposition Parties and Attorneys Trial Court

## Docket (Register of Actions)

**Luckett v. Orange County Superior Court et al.**
**Case Number G032581**

| Date | Description | Notes |
|---|---|---|
| 07/22/2003 | Filed petition for writ of: | mandate/request for stay AND a copy of the lower court order by peti-tioner John Luckett |
| 07/24/2003 | Order denying petition filed. | Request for immediate stay & reversal denied. Rylaarsdam, Fybel, Ikola |
| 08/06/2004 | Record in off-site storage | 304816818 |
| 01/20/2008 | Case complete. | |

C|C
home

**Click here to request automatic e-mail notifications about this case.**

©2007 Judicial Council of California

# CALIFORNIA APPELLATE COURTS

Case Information

## 4th Appellate District Division 3

Change court

Court data last updated: 07/03/2008 12:05 AM

Case Summary Docket Scheduled Actions Briefs
Disposition Parties and Attorneys Trial Court

home

## Parties and Attorneys

**Luckett v. Orange County Superior Court et al.**
**Case Number G032581**

| Party | Attorney |
|---|---|
| Luckett, John : Petitioner<br>2555 W. Winston Rd.<br>Apt 40<br>Anaheim, CA 92804 | Pro Per |
| Orange County Superior Court : Respondent<br>Attn: Hon. Nancy Wieben Stock<br>700 Civic Center Dr, West<br>Santa Ana, CA 92702 | Pro Per |
| People : Real Party in Interest | Office Of The District Attorney<br>Writs & appeals, Attn: Brian Gurwitz<br>401 Civic Center Drive West<br>Santa Ana, CA 92701 |
| Alternate Defender's Office : Other<br>P.O. Box 5000<br>Fullerton, CA 92838 | Pro Per |

**Click here to request automatic e-mail notifications about this case.**

©2007 Judicial Council of California

# EXHIBIT E

# CALIFORNIA APPELLATE COURTS

Case Information

## 4th Appellate District Division 3

Change court

Court data last updated: 07/09/2008 10:05 AM

Case Summary Docket Scheduled Actions Briefs
Disposition Parties and Attorneys Trial Court

C|C home

## Docket (Register of Actions)

**Luckett v. Target Stores et al.**
**Case Number G026688**

| Date | Description | Notes |
|---|---|---|
| 01/27/2000 | Notice of appeal lodged/received. | John Luckett |
| 01/27/2000 | Order waiving filing fee. | fees waived in lower court |
| 01/27/2000 | Note: | GIVE ALL MOTIONS TO GLENN AND ASSIGN CASE TO HIM |
| 02/03/2000 | Default notice received-appellant notified per rule 10 (c). | desig // default date 2/1/00 |
| 02/08/2000 | Filed document entitled: | notice of compliance with rule 10(c) |
| 03/08/2000 | Received document entitled: | notice to parties re transcript fees |
| 03/30/2000 | Record on appeal filed. | c-3 |
| 03/31/2000 | Letter sent to: | John Luckett stating the court will not accept any faxes from him |
| 04/06/2000 | Requested - extension of time | Attorney: Pro per<br>Party: Luckett, John |
| 04/07/2000 | Granted - extension of time. | Attorney: Pro per (aob due 6-30-00)<br>Party: Luckett, John |
| 07/06/2000 | Appellant notified pursuant to rule 17(a). | |
| 07/07/2000 | Motion filed. | John Luckett to stay appeal pending settlement and dismissal Sent to court **Motion was a FAX filing. Per the court, document returned with a note stating that the court does not accept FAX filings. |
| 07/13/2000 | Motion filed. | to stay appeal while settlement pending (to court) |
| 07/17/2000 | Order filed. | On court's own motion the time in which to file the aob is extended to 8-28-00. No further 17(a) notices will be issued. |
| 07/25/2000 | Note: | Rec'd mtn by aplt, re: mtn for good faith settlement & rqst for dism. |

| | | |
|---|---|---|
| | | proof of service is not in compliance. Parties addresses need to be listed, not fax #s. |
| 07/25/2000 | Telephone conversation with: | left message w/Luckett, advising him the mtn cannot be process due to proof of service is not incompliance w/crc 40. parties addresses need to be listed, not fax #s. |
| 07/25/2000 | Request for dismissal filed. | by aplt, "w/prejudice". |
| 07/25/2000 | Received fax informational copy of: | proof of service, filed by aplt, re: rqst for dismissal. showing parties mailing addresses. |
| 07/26/2000 | Filed document entitled: | aplt's abandonment and rqst for dismissal of appeal. |
| 08/01/2000 | To presiding justice for signature. | order for signature re dismissal |
| 08/02/2000 | Appeal dismissed pursuant to: | Aplt's request. Remittitur to issue forthwith |
| 08/02/2000 | Remittitur issued. | |
| 08/02/2000 | Case complete. | |
| 10/10/2001 | Shipped to state retention center, box # / list #: | List 54 / Box 93 Src 1003786 |

**Click here to request automatic e-mail notifications about this case.**

©2007 Judicial Council of California

# CALIFORNIA APPELLATE COURTS

Case Information

## 4th Appellate District Division 3

Change court

Court data last updated: 07/09/2008 10:05 AM

Case Summary Docket Scheduled Actions Briefs
Disposition Parties and Attorneys Trial Court

## Parties and Attorneys

**Luckett v. Target Stores et al.**
**Case Number G026688**

C|C home

| Party | Attorney |
|---|---|
| Luckett, John : Plaintiff and Appellant<br>2555 W. Winston Road<br>#40<br>Anaheim, CA 92804 | Pro Per |
| Target Stores : Defendant and Respondent | Shari L. Rosenthal<br>Breidenbach, Swainston, Crispo & Way<br>611 West Sixth Street<br>Suite 1300<br>Los Angeles, CA 90017-2787 |
| Dayton Hudson Corporation : Defendant and Respondent | Shari L. Rosenthal<br>Breidenbach, Swainston, Crispo & Way<br>611 West Sixth Street<br>Suite 1300<br>Los Angeles, CA 90017-2787 |
| Walmart Stores, Inc. : Defendant and Respondent | Brett Locker<br>P.O. Box 119<br>Santa Barbara, CA 93101 |
| Olive, Thomas : Defendant and Respondent | Brett Locker<br>P.O. Box 119<br>Santa Barbara, CA 93101 |
| Caeton Adjusters, Inc. : Defendant and Respondent | Brett Locker<br>P.O. Box 119<br>Santa Barbara, CA 93101 |
| Thomas, Harold : Defendant and Respondent | Brett Locker<br>P.O. Box 119<br>Santa Barbara, CA 93101 |
| Honorable Ronald c. Kline : Defendant and Respondent | James Lee Turner<br>Orange County Counsel<br>P.O.Box 1379<br>Santa Ana, CA 92702 |

**Click here to request automatic e-mail notifications about this case.**

©2007 Judicial Council of California

# EXHIBIT F

# CALIFORNIA APPELLATE COURTS

Case Information

## 4th Appellate District Division 3

Change court

Court data last updated: 07/03/2008 08:05 AM

Case Summary Docket Scheduled Actions Briefs Disposition Parties and Attorneys Trial Court

## Docket (Register of Actions)

C|C home

**Luckett v Larson**
**Case Number G018715**

| Date | Description | Notes |
|---|---|---|
| 11/07/1995 | Motion to appeal filed (1269.5). | John Luckett |
| 11/07/1995 | Note: | 1 Volume Superior Ct File Here For Review |
| 11/08/1995 | Note: | 1 Volume S/C File Returned To Superior Ct |
| 11/08/1995 | Order filed. | Applt Has Req Permission To File Notice Of Appeal Written Statement By 11-13-95 Resp By 11-20-95 |
| 11/09/1995 | Supplemental points and authorities filed by: | Applt-Written Statement Describing Nature Of Appeal |
| 11/21/1995 | To court. | Ruling On Req To File An Appeal |
| 11/21/1995 | Motion to appeal denied (1269.5). | This Ct Has Reviewed The Docs--It Does Appers The Proposed Appeal Is Frivolous Permission Is Denied |
| 11/29/1995 | Motion filed. | Mtn For Reconsideration By Appel John Luckett |
| 11/29/1995 | To court. | Ord For Signature Re: Mtn For Reconsideration By Appellant Luckett |
| 11/29/1995 | Order filed. | App'S Mtn For Reconsideration Of This Court'S Order Filed 11-21-95 Is Denied |
| 12/01/1995 | Petition for review in Supreme Court received. | Applt |
| 12/22/1995 | Record transmitted to Supreme Court. | 1 Misc Folder By Next Day Ups |
| 02/20/1996 | Petition for review denied in Supreme Court. | |
| 02/22/1996 | Record returned from Supreme Court. | 1 Misc Folder |
| 08/01/1998 | Case complete. | |

| | | |
|---|---|---|
| 12/08/1998 | Shipped to state retention center, box # / list #: | List 39 / Box 128 / SRC 0941648 |

**Click here to request automatic e-mail notifications about this case.**

©2007 Judicial Council of California

# CALIFORNIA APPELLATE COURTS

Case Information

## 4th Appellate District Division 3

Change court

Court data last updated: 07/03/2008 08:05 AM

Case Summary | Docket | Scheduled Actions | Briefs | Disposition | Parties and Attorneys | Trial Court

C|C home

## Parties and Attorneys

**Luckett v Larson**
**Case Number G018715**

| Party | Attorney |
|---|---|
| Luckett, John : Plaintiff and Appellant<br>2555 W. Winston Road<br>#40<br>Anaheim, Ca 92804 | Pro Per |
| Larson, Diane : Defendant and Respondent | Gary Edwards<br>1110 Poinsetta<br>Santa Ana, CA 92702 |

**Click here to request automatic e-mail notifications about this case.**

©2007 Judicial Council of California

# EXHIBIT G

# CALIFORNIA APPELLATE COURTS

Case Information

## 4th Appellate District Division 3

Change court

Court data last updated: 07/03/2008 08:05 AM

Case Summary Docket Scheduled Actions Briefs
Disposition Parties and Attorneys Trial Court

home

## Docket (Register of Actions)

**Luckett v Orange County Superior Court**
**Case Number G017905**

| Date | Description | Notes |
|---|---|---|
| 06/05/1995 | Filed petition for writ of: | Mandate/Request For Stay |
| 06/05/1995 | Forma pauperis petition filed. | |
| 06/05/1995 | Order waiving filing fee. | |
| 06/08/1995 | Order denying petition filed. | Sonenshine/Crosby/Rylaarsdam |
| 06/20/1995 | Petition for review in Supreme Court received. | Petitioner-Luckett |
| 06/26/1995 | Record transmitted to Supreme Court. | 1 Yellow Jacket (1 Petition, Waiver Order Sealed, & Order) Per John'S Request |
| 08/14/1995 | Petition for review denied in Supreme Court. | |
| 08/16/1995 | Record returned from Supreme Court. | 1 Envelope |
| 08/01/1998 | Case complete. | |
| 12/08/1998 | Shipped to state retention center, box # / list #: | List 39 / Box 125 / SRC 0941645 |

**Click here to request automatic e-mail notifications about this case.**

©2007 Judicial Council of California

# CALIFORNIA APPELLATE COURTS

Case Information

## 4th Appellate District Division 3

Change court

Court data last updated: 07/03/2008 08:05 AM

Case Summary Docket Scheduled Actions Briefs
Disposition Parties and Attorneys Trial Court

## Parties and Attorneys

**Luckett v Orange County Superior Court**
**Case Number G017905**

CJC
home

| Party | Attorney |
|---|---|
| Luckett, John : Petitioner<br>2175 S. Mallul Dr<br>#322<br>Anaheim, Ca 92802 | Pro Per |
| Larson, Robin : Real Party in Interest<br>7720 Crescent Ave<br>#27<br>Buena Park, Ca 90621 | Pro Per |
| Sisson, Diane C. : Real Party in Interest<br>7720 Crescent Ave<br>#27<br>Buena Park, Ca 90621 | Pro Per |
| Unknown : Unknown | Orange County Superior Court<br>Attn: Hon. Greer Stroud<br>700 Civic Center Dr. West<br>Santa Ana, CA 92701 |
| Unknown : Unknown | North Orange County Municipal Court<br>P O Box 5000<br>1275 N. Berkleley Ave<br>Fullerton, CA 92635-97 |

**Click here to request automatic e-mail notifications about this case.**

©2007 Judicial Council of California

## PROOF OF SERVICE

I, Emery Soos, Sr., declare:

I am, and was at the time of the service hereinafter mentioned, over the age of 18 years and not a party to the above-entitled cause. My address is 264 S. La Cienega Blvd., Ste. 275, Beverly Hills, CA 90211-3302 in Los Angeles County, California. I served the:

**RESPONSE LETTER OF JULY 10, 2008 RE: INSTANT APPEAL'S UNWARRANTED DISMISSAL ON JULY 2, 2008**

by mailing first class true copies in envelopes sealed and deposited in the mail, with postage prepaid fully therein on July 10, 2008 at San Pedro, California to:

1. Chief Justice Ronald M. George, Chair of the Judicial Council
   Judicial Council of California
   455 Golden Gate Ave.
   San Francisco, CA 94102-3688

2. William C. Vickrey, Administrator Director of the Courts
   Administrative Office of the Courts
   455 Golden Gate Ave.
   San Francisco, CA 94102-3688

3. Rory W. Clark, Esq.
   Counsel for Wells Fargo Bank, N.A.
   Law Office of Rory W. Clark, APLC
   5743 Corsa Ave., Ste. 215
   Westlake Village, CA 91362-6467

4. William L. Miltner, Esq.
   Teresa L. Polk, Esq.
   Counsels for Joseph and Sheila Cox
   Miltner Law Group, APC
   Emerald Plaza
   402 W. Broadway, Ste. 810
   San Diego, CA 92101

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: July 10, 2008

By: ______________________

Emery Soos, Sr.

EXHIBIT J

# EXHIBIT J

**DECLARATION OF JOHN LUCKETT**

P.J.-I tried more then 12 YRS. ago to file a WRIT OF MANDATE,to get the "VEXATIOUS LITIGANT"LABEL REMOVED,AND THE 4TH DIST. COURT OF APPEALS,DIV.3P. J.SILLS refused to allow it to be filed citing that the court lost JUR. over the court's SUEA SPONTE CASE NO.G011207 declaring me to be "VEXATIOUS LITGIANT"I DID NOT MISLEAD THIS COURT! MY JUDGMENT AGAINST OTHER CHOICE LEGAL AID CO.,INC.,A NEV. L.L.C.for ($320,000.00)STANDS,AND HAS NOT BEEN VACATED!THE ONLY JUDGMENT VACATED WAS AS TO BILL GUS ANDREWS,INDIVIDUALLY!!!Please,at least get you're facts straight,when you PUB.an opinion about me!Acccordingly,the only place I have to go is to the trial court as this court (ALWAYS)looses JUR.over a case within 60 days (AFTER A FINAL ORDER HAS BEEN ISSUED)Respondent specialy appeared,becuase they thought that I might try to get the judgment reinstated as to BILL GUS ANDREWS,as they stated in their REPLY BRIEF.They are not entitled to costs as they (NEVER)appeared in this action by filing an (ANSWER)in the trial court!I (NEVER) lost 5 or more cases in a 5-7 YR.period as a requirement to be declared a VEX. LIT.,under 391.7 C.C.P. O/C is property of the ESTATE OF BILL GUS ANDREWS.I am entitled to recover my $320,000-.O/C was formed by the decedent BILL GUS ANDREWS!It is none of this courts damn business as to why J.BRENNER granted me the judgment he did.The defendants (NEVER) CHALLENGED THE AMOUNT OF THE AWARD,AND ARE BARRED FROM DOING SO NOW,ESPECIALLY SINCE NOTICE OF ENTRY OF JUDGMENT WAS SERVED ON THEM MORE THEN 7 YRS. AGO.All the time clocks to challenge the judgment are {DEAD}.This court has a hell of a lot of nerve accusing J.BRENNER as a PICK-POCKET JUDGE ABUSEING HIS AUTHORITY RE;DEFAULT JUDGMENTS AS THIS COURT CITED IN IT'S 'STUPID' OPINION THROWING OUT MY $160,000-JUDGMENT AGAINST BILL GUS ANDREWS,INDIVIDUALLY FOR NOT USEING (2)different CERTIFIED ENVELOPES!You judges are not GOD,and will pay for you're abuse someday by you're maker!All you care about are setting killers free!You constantly overturn murder convictions over "irrational reasoning",like the recent decision where you vacated the killers conviction because the jury forman didn't disclose to the truial court that he had filed an APP.for employment with the FBI!You judges wouldn't spare my life,if GOD came down to this earth,and slapped you in the face! and told you to!

HOLLINS & FIELDS, LLP were (NEVER) my lawyers as you MIS-CITED in you're 3/24/08 OPINION

Who is "HUGH" BRENNER?

CC:J.BRENNER(MAILED 3/25/08)

**VERIFICATION**

I,JOHN LUCKETT,declare under penalty of perjury under CA. law that the forgoing is true,and correct to the best of my abilities.

[signature] DATED:3/24/08 (P.2of2)

SHORT TITLE: LUCKETT VS. COOSE,ET. AL. | CASE NUMBER: 785802

(25)ANY,AND ALL MINUTE ORDERS FROM 7/7/05-PRESENT

(26)ANY,AND ALL EXHIBITS,PAPERS,CASE LAWS,WRITINGS,CORRESPONDENCE CONTAINED IN COURT FILES 7/7/05-PRESENT.

**DESIGNATION OF COURT REPORTER'S TRANSCRIPT ON APPEAL.**

(27)AN ORIG.,AND COPY OF THE (3/14/07)COURT REPORTER'S TRANSCRIPTS

(28)ORDER ON WAIVER OF ADDITIONAL COURT COSTS FILED ON OR AROUND (3/27/07)

These documents contained herein are all directly relevant to the issues to be argued on appeal.

RESPECTABLY SUBMITTED,

John Luckett

JOHN LUCKETT

DATED:3/25/07

/////////////

////////////

///////////

*(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, not line numbers)*:

This page may be used with any Judicial Council form or any other paper filed with the court. Page 3 of 3

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Justice, Robert, V.

**DEFENDANTS**
Ma Connell, Judith

FILED
2008 AUG -8 PM 2:13
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY KM DEPUTY

(b) County of Residence of First Listed Plaintiff: Los Angeles
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: San Diego
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
pro se

Attorneys (If Known)
unknown

'08 CV 1449 LAB RBB

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☒ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**): Title 42 USC section 1983
Brief description of cause: Discriminatory enforcement of state statute

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ monetary damages and permanent injunction
CHECK YES only if demanded in complaint: JURY DEMAND: ☑ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE ______ DOCKET NUMBER ______

DATE: aug 8, 2008
SIGNATURE OF ~~ATTORNEY OF RECORD~~ PLAINTIFF: Dr Robert V. Justice

**FOR OFFICE USE ONLY**

RECEIPT # 153845 AMOUNT $350 APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

GAC 08/08/08

CR

**UNITED STATES**
**DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 153845 - TC**
*** * C O P Y * ***
**August 08, 2008**
**14:11:14**

**Civ Fil Non-Pris**
USAO #.: 08CV1449
Judge..: LARRY A BURNS
Amount.: $350.00 CA

**Total-> $350.00**

FROM: ROBERT V. JUSTICE
VS
JUDITH MCCONNELL